UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

===============================================================

**CASE NO.:** CV 18-02267 SJO (FFM)     **DATE:** June 10, 2019

**TITLE:**   Chris Langer v. Colorado Professional Building, LLC et al

===============================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                              Not Present
Courtroom Clerk                               Court Reporter

**COUNSEL PRESENT FOR LEAD PLAINTIFF:**       **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                   Not Present

===============================================================
**PROCEEDINGS (in chambers): ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** [Docket No. 23]**; ORDER DISMISSING AS MOOT PLAINTIFF'S ADA CAUSE OF ACTION BASED ON THE HEIGHT OF THE COUNTER AT DEFENDANTS' BUSINESS**

The matter is before the Court on Plaintiff Chris Langer's ("Plaintiff") Motion for Summary Judgment ("Plaintiff's Motion"), filed May 6, 2019.  On May 13, 2019, Defendants Colorado Professional Building, LLC and I&G Pharmacy filed an Opposition to Plaintiff's Motion ("Defendants' Opposition").  Plaintiff filed a Reply on May 24, 2019 ("Plaintiff's Reply").  For the reasons stated below, the Court holds that Plaintiff has Article III standing to pursue the instant litigation.[1]  The Court also **DENIES** Plaintiff's Motion because there continue to be genuine material disputes of fact concerning the size of a handicapped parking space that Plaintiff encountered.  Additionally, the Court **DISMISSES AS MOOT** Plaintiff's ADA cause of action connected to the height of the counter at Defendants' business because undisputed facts in the record show that Defendants have remedied the height of the counter to make it ADA-compliant.

I.   FACTUAL AND PROCEDURAL BACKGROUND

   A.   Factual Background

The Court makes the following factual findings connected to the instant motion for summary judgment.  Except where denoted, the facts are not in dispute.

Plaintiff, a California resident, is a paraplegic who cannot walk and who uses a wheelchair for mobility.  (Compl. ¶ 1, ECF No. 1).  Defendants are Colorado Professional Building, LLC and I &

---

[1] The Court addresses Plaintiff's Article III standing because Defendants raise it as an issue in their Opposition.  Although Article III standing is normally brought by defendants in their own dispositive motion (such as a motion to dismiss or a motion for summary judgment), the Court nevertheless addresses Article III standing in its adjudication of Plaintiff's Motion For Summary Judgment in the interest of completeness.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** CV 18-02267 SJO (FFM)                **DATE:** June 10, 2019

G Pharmacy, Inc.  (Compl. ¶¶ 2-5).  At all relevant times, Defendants owned and operated the I & G Pharmacy (the "Pharmacy") located at 815 E. Colorado Street, Glendale, California.  (*See* Resp. to Req. for Admis. Nos. 4-7, ECF No. 23-11).  The Pharmacy is a facility open to the public, a place of public accommodation, and a business establishment.  (Compl. ¶ 11).

Plaintiff lives in San Diego and often travels to Los Angeles County to eat, shop, attend auctions and other events, and to visit Griffith Park, which is located less than ten miles from the Pharmacy.  (Decl. of Chris Langer in Supp. of his Mot. for Summ. J. ("Langer Decl.") ¶ 13, ECF No. 23-5).  Plaintiff owns a specially equipped van with a ramp to accommodate his wheelchair that deploys from the passenger side of the vehicle.  (Langer Decl. ¶ 3).  Additionally, Plaintiff owns an unmodified Cadillac, which he is able to drive, get into, and get out of without requiring a van-accessible parking space.  (Langer Dep. 11:11-18, ECF No. 27-2).  Plaintiff prefers to drive the van and does so almost all of the time because of the pain caused by repeatedly getting in and out of the Cadillac.  (Langer Dep. 14:5-19; 17:6-13).

On February 27, 2018, Plaintiff was in the area of the Pharmacy for a mediation proceeding and went to the Pharmacy to shop for a few items.  (Langer Decl. ¶ 4).  Among the parking spaces provided by the Pharmacy to its customers, two spaces were marked and reserved for persons with disabilities.  (Langer Decl. ¶ 5).  As he pulled into the parking lot, Plaintiff realized that neither space included an access aisle with enough room for the deployment of the ramp on his van.  (Langer Decl. ¶¶ 6-7).  Plaintiff then left the property to shop elsewhere.  (Langer Decl. ¶¶ 8-9).

During Plaintiff's visit to the Pharmacy, the two parking spaces marked and reserved for persons with disabilities measured 96 inches in width with an access aisle measuring 60 inches in width.  (Compl. ¶ 14).  Inside the Pharmacy, though not personally encountered by Plaintiff since he never entered the building, there was a transaction counter measuring 55 inches high with no lowered portion for use by persons in wheelchairs.  (Compl. ¶¶ 22-24).  Despite not having "any immediate plans" to return to the Pharmacy, Plaintiff states that he has been deterred by these barriers from returning to patronize the Pharmacy and that he intends to do so regularly once the barriers to access are removed.  (Langer Dep. 52:6-8, ECF No. 27-2; Langer Decl. ¶¶ 8, 12, 14).

Subsequent to the filing of this lawsuit, Defendants altered the parking space at issue and have installed a lowered transaction counter.  (*See* P. & A. in Supp. of Def.'s Opp'n to Mot. for Summ. J. 11:6-22, ECF No. 27).  Defendants contend that the access aisle serving the van-accessible parking space currently measures 96 inches in width.  (Decl. of Jason James in Supp. of Def.'s Opp'n to Mot. for Summ. J. ("James Decl.") ¶¶ 7-8, ECF No. 27-3).  Defendants also contend that a lowered service counter for wheelchair users that currently measures 36 inches width and 32 inches in height has been installed by modifying a door adjacent to the existing counter.  (P. & A. in Supp. of Def.'s Opp'n 11:6-22; Sep. Stmnt. to Def.'s Opp'n to Mot. for Summ. J., Pl.'s SUF No. 26, ECF No. 27-1).  Plaintiff, however, claims the altered access aisle currently measures only 93 inches in width.  (Pl.'s Mem. of P. & A. 9:1, ECF No. 23-1).  Additionally, Plaintiff contends that the recently-installed lowered counter is not permanent.  (Pl.'s Mem. of P. & A. 9:12-16).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  **CV 18-02267 SJO (FFM)**              DATE: **June 10, 2019**

    B.    Procedural Background

Plaintiff initiated the instant action on March 20, 2018 against Colorado Professional Building, LLC and I & G Pharmacy, Inc., asserting the following causes of action: (1) violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq*; and (2) violation of the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-53.  (Compl. ¶¶ 35-48, ECF No. 1).

On May 6, 2019, Plaintiff filed the instant Motion.  (*See* Pl.'s Notice of and Mot. for Summ. J., ECF No. 23; Pl.'s Mem. of P. & A., ECF No. 23-1).

These proceedings followed.

II.    <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 56(a) mandates that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of establishing the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal quotation marks and citations omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving part does not need to produce any evidence or prove the absence of a genuine issue of material fact.  *See Celotex*, 477 U.S. at 325.  Rather, the moving party's initial burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."  *Id.* "Summary judgment for a defendant is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial.'"  *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999) (quoting *Celotex*, 477 U.S. at 322).

Once the moving party meets its initial burden, the "party asserting that a fact cannot be or is genuinely disputed must support the assertion." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [nonmoving party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *accord Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("[O]pponent must do more than simply show that there is some metaphysical doubt as to the material facts.").  Further, "[o]nly disputes over facts that might affect the outcome of the suit . . . will properly preclude the entry of summary judgment.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 18-02267 SJO (FFM)</u>     **DATE:** <u>June 10, 2019</u>

Factual disputes that are irrelevant or unnecessary will not be counted." *Liberty Lobby*, 477 U.S. at 248. At the summary judgment stage, a court does not make credibility determinations or weigh conflicting evidence. *See id.* at 249. A court must draw all inferences in a light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587.

In adjudicating the instant motion for summary judgment, the Court concludes that there is a genuine and material factual dispute as to the current width of the access aisle adjacent to the accessible parking space at issue. Additionally, with respect to the accessible transaction counter, the Court finds that the Plaintiff is not entitled to judgment as a matter of law because the violation has been remedied and is moot.

III.     <u>ANALYSIS</u>

In ruling on the instant motion, the Court analyzes the following: (1) whether Plaintiff has Article III standing; (2) whether the Court can grant summary judgment to Plaintiff based on ADA violations that Plaintiff identifies for the first time in the instant Motion; (3) whether Plaintiff is entitled to summary judgment as to purported ADA violations related to the size of the parking space and the height of the transaction counter at the Pharmacy; and (4) whether Plaintiff is entitled to summary judgment with respect to his state law claims.

The Court addresses each of these issues in turn.

   A.     <u>Article III Standing</u>

As a threshold matter, the Court must determine whether Plaintiff has Article III standing to bring this action. *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 907 (9th Cir. 2011). Although Defendants do not bring a separate motion for summary judgment that raises the standing issue, they argue in their opposition that Plaintiff lacks Article III standing.

Establishing Article III standing requires that Plaintiff meet three requirements: (1) Plaintiff has suffered an "injury in fact"; (2) a causal connection exists between the injury and the conduct complained of by Defendants; and (3) it is likely that the injury will be redressed by a favorable decision from this Court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). An injury in fact is found when there is "an invasion of a legally protected interest which is . . . actual or imminent." *Doran*, 524 F.3d at 1039. Additionally, "to establish standing to pursue injunctive relief," Plaintiff "must demonstrate a 'real and immediate threat of repeated injury' in the future." *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2001)).

Defendants first contend that Plaintiff lacks Article III standing because he has not suffered an imminent injury in fact and cannot demonstrate a real and repeated threat of injury in the future. (*See* P. & A. in Supp. of Def.'s Opp'n 6-11). Defendants point out that Plaintiff, despite claiming

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:   CV 18-02267 SJO (FFM)                DATE: June 10, 2019

he will return to patronize the Pharmacy when the alleged barriers are removed, admits to not having "any immediate plans" to return to the Pharmacy.  (Langer Dep. 52:6-8, ECF No. 27-2). Defendants also contend that a plaintiff's mere "profession of 'inten[t]'" to return to a place he has visited before is not sufficient to establish standing because such "'some day' intentions–without any description of concrete plans, or indeed even any specification of when the some day will be–do not support a finding of 'actual or imminent' injury.: *Lujan*, 504 U.S. at 564.  Accordingly, Defendants argue, Plaintiff has failed to show that he is likely to patronize the Pharmacy in the future and so has not suffered an imminent injury and cannot demonstrate a real and repeated threat of injury in the future.  (P. & A. in Supp. of Def.'s Opp'n to Mot. for Summ. J. 6:13-21, ECF No. 27).

The Court disagrees with Defendants.  "The Supreme Court has instructed us to take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits are the primary method of obtaining compliance with the Act."  *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008).  "A disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA has suffered 'actual injury.'"  *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002).  Moreover, "a plaintiff can demonstrate sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a noncompliant accommodation."  *Chapman*, 631 F.3d at 950.

Plaintiff clearly meets the Article III standing requirements to obtain injunctive relief.  Specifically, Plaintiff alleges in the operative complaint that on the date of his visit to the Pharmacy, at least two accessibility barriers existed at the Pharmacy. (Compl. ¶¶ 38, 40, ECF No. 1).  Plaintiff states that these barriers have deterred him from returning to patronize the Pharmacy and that he intends to do so once the barriers are removed.  (Langer Decl. ¶¶ 8, 12, 14, ECF No. 23-5).  Plaintiff also claims to frequently visit Griffith Park, which is located less than ten miles away from the Pharmacy, and that he plans to regularly visit and patronize the Pharmacy when he is in the area. (Pl.'s Mem. of P. & A. 3:12-7, ECF 23-1; Langer Decl. ¶ 3).  Keeping in mind the liberal standard under which courts should analyze issues of standing in ADA cases, this Court finds that such claims demonstrate more than "'some day' intentions" of returning to the Pharmacy and are sufficient to show that Plaintiff has been deterred from patronizing the Pharmacy.  *Lujan*, 504 U.S. at 564.  Though he lacks immediate plans to return, Plaintiff has specified when "'some day' will be" by indicating that, once the alleged barriers are removed, he will regularly patronize the Pharmacy when he is in the area and that he is in the area often.  *Id.*  Ultimately, because Plaintiff has been deterred from patronizing the Pharmacy by its failure to comply with the ADA, Plaintiff has suffered "actual injury" and demonstrates a threat of future injury.  *See Chapman*, 631 F.3d at 950; *Doran*, 524 F.3d at 1040-41 (holding that an ADA plaintiff suffers actual injury and so possesses standing despite living over 500 miles from the noncompliant store when he claimed that he had plans to return to patronize the store "once it's fixed"); *Pickern*, 293 F.3d at 1138 (holding that a threat of injury sufficient to establish standing exists when the plaintiff, although

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 18-02267 SJO (FFM)</u>    DATE: <u>June 10, 2019</u>

unlikely to return to the noncompliant accommodation while barriers remained, claimed he would shop there if it were accessible).

Defendants additionally contend that because the operative complaint is silent as to whether Plaintiff was driving his specially equipped van or his convertible Cadillac at the time of the incident, Plaintiff need not have incurred an injury in fact by Defendants' failure to maintain van-accessible parking. (P. & A. in Supp. of Def.'s Opp'n 13:1-14).

The Court finds this point unconvincing. "Under the ADA, when a disabled person encounters an accessibility barrier violating its provisions, it is not necessary for standing purposes that the barrier completely preclude the plaintiff from entering or using a facility in any way." *Chapman v. Pier 1 Imports, Inc.*, 631 F.3d 939, 947 (9th Cir. 2011). It is sufficient for standing purposes that a plaintiff had "become aware of alleged ADA violations that deter his patronage of . . . a place of public accommodation." *Doran*, 524 F.3d at 1042 n. 5. Though Plaintiff is able to drive, get into, and get out of his Cadillac without requiring a van-accessible parking space, doing so causes him pain and that he almost always drives his van as a result. (Langer Dep. 11:11-18; 14:5-19; 17:6-13, ECF No. 27-2). When Plaintiff pulled into the parking lot of the Pharmacy, he became aware that the accessible parking spaces lacked enough room to deploy a ramp like that on his van. (Langer Decl. ¶¶ 6-8). As a result of knowledge that the van he prefers to drive, and almost always does drive, could not be accommodated by the Pharmacy's parking lot, Plaintiff was deterred from returning and patronizing the Pharmacy. (Langer Decl. ¶¶ 6-8). Since these claims show that Plaintiff was aware of alleged ADA violations and that his patronage at the Pharmacy was deterred as a result, Plaintiff suffered an injury in fact regardless of which car he was driving on the day of the incident. *Doran*, 524 F.3d at 1040.

For these reasons, this Court holds that Plaintiff has Article III standing to pursue this litigation.

  B. <u>Newly Discovered ADA Violations Alleged By Plaintiff Will Not Be Considered.</u>

In their Opposition, Defendants next contend that Plaintiff cannot amend his complaint in a motion for summary judgment and allege several new ADA violations that Plaintiff did not allege in the original complaint in this action. The Court agrees with Defendants.

Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Where the claim is one of discrimination under the ADA due to the presence of architectural barriers at a place of public accommodation, we have held that the relevant 'grounds' are the allegedly non-compliant architectural features at the facility." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908 (9th Cir. 2011). Accordingly, a plaintiff must identify the barriers that constitute the grounds for a claim of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 18-02267 SJO (FFM)</u>  **DATE:** <u>June 10, 2019</u>

discrimination under the ADA in the complaint itself; a defendant is not deemed to have fair notice of barriers identified elsewhere." *Id.* at 909.

In the operative complaint in this action, Plaintiff only identifies as barriers Defendants' lack of van-accessible parking and lack of an accessible transaction counter. (*See* Compl. ¶¶ 13-28, ECF No. 1). Now, for the first time, Plaintiff alleges numerous additional barriers at the Pharmacy. (*See* Pl.'s Notice of and Mot. for Summ. J., ECF No. 23). Because Defendants did not have fair notice of these newly-discovered barriers, the Court **DENIES** Plaintiff's Motion with respect to any barriers at the Pharmacy that Plaintiff did not identify in the operative complaint in this action. *See Oliver*, 654 F.3d at 909.

      C.    <u>Parking Space and Transaction Counter Claims</u>

The Court next proceeds to determine if Plaintiff is entitled to summary judgment as to the claims that the lack of a van-accessible parking space and a wheelchair-accessible counter violate the ADA and related state law on the matter. Defendants contend that Plaintiff's parking space and transaction counter claims are moot because Defendants have already remedied these purported ADA violations. (P. & A. in Supp. of Def.'s Opp'n to Mot. for Summ. J. 11:4-22, ECF No. 27).

The ADA prohibits discrimination based on disability in the full and equal enjoyment of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). "Because the ADAAG establishes the technical standards required for 'full and equal enjoyment,' if a barrier violating these standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes 'discrimination' under the ADA." *Id.* at 947; *see Vogel v. Rite Aid Co.*, 992 F. Supp. 2d 998, 1010 (C.D. Cal. 2014) (finding that barriers were in violation of ADA due to noncompliance with the ADAAG); *Hubbard v. Twin Oaks Health and Rehabilitation Ctr.*, 408 F. Supp. 2d 923, 931 (E.D. Cal. 2004).

          1.    <u>Van-Accessible Parking Space</u>

As for the van-accessible parking space, the Court holds that this claim is not moot and that Plaintiff is not entitled to summary judgment. A genuine and material factual dispute exists with respect to whether the width of the access aisle to the handicapped parking space allows for access by Plaintiff's van and other vans like it. Under the 1991 ADAAG standards, one in every eight parking spaces reserved for persons with disabilities, but not less than one, must be a van-accessible space served by an access aisle not less than 96 inches in width. 28 C.F.R. pt. 36, App. D, §4.1.2(5)(b). Under the 2010 standards, one in every six accessible parking spaces, but not less than one, must be a van-accessible space having either an access aisle measuring 96 inches in width or having a stall measuring 132 inches in width and an adjacent access aisle measuring 60 inches in width. 36 C.F.R. pt. 1191, App. D, § 502.2. The ADAAG imposes

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 18-02267 SJO (FFM)</u>     DATE: <u>June 10, 2019</u>

"precise" requirements and that "the difference between compliance and noncompliance . . . is often a matter of inches." *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 945-46 (9th Cir. 2011).

It is not disputed that on February 27, 2018, the date on which Plaintiff visited the Pharmacy, the accessible parking space at issue was not compliant with either the 1991 or the 2010 ADAAG standards for van accessibility. (Resp. to Req. for Admis. No. 16, ECF No. 23-11). On this date, the two parking spaces marked and reserved for persons with disabilities measured 96 inches in width with an access aisle measuring only 60 inches in width. (Compl. ¶ 14).

Since this lawsuit was filed, Defendants have altered the parking space, although Plaintiff contends that the space still fails to comply with either the 1991 or 2010 ADAAG standards. (Pl.'s Mem. of P. & A. 8:24-25, ECF No. 23-1). With support from his expert, who measured the parking space and its access aisle on April 30, Plaintiff contends that the access aisle currently measures only 93 inches in width and is therefore noncompliant with either ADAAG standard. (Pl.'s Mem. of P. & A. 9:1; Decl. of Janis Kent in Supp. of Pl.'s Mot. for Summ. J. ¶ 6, ECF No. 23-8, Ex. 6, ECF No. 23-9). Defendants, on the other hand, present a declaration from their own expert who inspected the premises on May 13 and found the access aisle to measure 96 inches in width and to be compliant with both standards. (James Decl. ¶¶ 7-8, ECF No. 27-3).

In light of the contradicting expert reports, this Court holds that a genuine issue of material fact remains as to the width of the parking space. It is unclear if the parking space is complaint with the ADA. Plaintiff has not carried his burden to show that the parking space is not ADA complaint. The Court **DENIES** Plaintiff's Motion on this ground.

By the same token, because there is a genuine dispute as to whether the width of the parking space has been remedied and because the parking space was initially not compliant with the ADA, Plaintiff's cause of action with respect to this parking space is not moot. *See Cty. of L.A. v. Davis*, 440 U.S. 625, 631 (1979) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.")

    2.    <u>Wheelchair-Accessible Counter</u>

The Court next determines whether Plaintiff is entitled to summary judgment as to the issue of a transaction counter at the Pharmacy that is too high to be wheelchair-accessible. As with the van-accessible parking space, Defendants insist that the counter has been fixed, and the instant lawsuit is moot in this regard.

The Court agrees with Defendants. Under both the 1991 and 2010 ADAAG standards, counters with a parallel approach used for sales or service must have a portion that is at least 36 inches in length and no more than 36 inches above the floor. 28 C.F.R. pt. 36, App. D, § 7.2; 36 C.F.R. pt. 1191, App. D, § 904.4.1. Since this suit was filed, Defendants have installed a counter

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  CV 18-02267 SJO (FFM)                    DATE: June 10, 2019

measuring 36 inches in length and 32 inches in height.  (Pl.'s Mem. of P. & A. 9:12-16).  This fact is not disputed by Plaintiff, who takes issue only with the permanence of the newly-installed counter.  (Pl.'s Mem. of P. & A. 9:12-16).  Because it is undisputed that Defendant has installed an accessible transaction counter within the measurements required by ADAAG standards, the barrier that Plaintiff alleges no longer exists and Plaintiff's ADA claim with respect to the counter is moot.[2]  *Grove*, 407 F. Supp. 2d at 1130-31.

For these reasons, the Court **DENIES** Plaintiff's Motion for Summary Judgment with respect to the transaction counter.  The Court also **DISMISSES AS MOOT** the claim connected to the transaction counter.

D.    Plaintiff's State Law Claims

As a final matter, Plaintiff asks this Court to grant it summary judgment with respect to its California state law claims, which would entitle Plaintiff to damages.  (Pl.'s Mem. of P. & A. 10:13-24, ECF No. 23-1).

Before addressing the substance of the California state law claims, the Court notes that it exercises its supplemental jurisdiction over these claims.  *See* Summary Judgment Order, *Estrada v. Gold Key Development*, No. 18-CV-03859-SJO (JEMx) (May 1, 2019), Docket No. 27.  The Court does not always do so.  "[P]endant jurisdiction is a doctrine of discretion, not of plaintiff's right." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997).  In the instant litigation, however, judicial economy favors this Court addressing the California state law claims rather than remanding these claims to state court.  Because Plaintiff can establish Article III standing to pursue his ADA litigation against Defendants and because the ADA claims raise many of the same issues as the California state law claims, the Court chooses to retain its jurisdiction over the latter claims.  Moreover, it does not appear that Plaintiff claims substantial damages from the Defendants.  If that were the case, this would mean that the state law claims would predominate over the federal litigation.

As for Plaintiff's claims under state law themselves, the Unruh Act provides that "a violation of the right of any individual under the Americans with Disabilities Act of 1990 shall also constitute a violation of this section."  Cal. Civ. Code § 51.  Because the Court rules that Plaintiff is not entitled

---

[2]  If in the future the conditions of the lower portion of the counter change or cease to exist altogether, Plaintiff would have grounds for seeking injunctive relief and may at that time bring a new ADA claim.  *See Estrada v. Gold Key Development*, No. 18-CV-03859-SJO (JEMx) (May 1, 2019), Docket No. 27.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  <u>CV 18-02267 SJO (FFM)</u>          DATE: <u>June 10, 2019</u>

to summary judgment as to its ADA claims, the Court also holds that Plaintiff is not entitled to summary judgment as to its state law claims.[3]

The Court **DENIES** the Motion for Summary Judgment with respect to the California state law claims.

VI.     <u>RULING</u>

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Summary Judgment. The Court also **DISMISSES AS MOOT** Plaintiff' ADA claim with respect to the transaction counter.

IT IS SO ORDERED.

---

[3] Importantly, Plaintiff's recovery of damages will be limited to those resulting from barriers that he personally encountered.  *See* Cal. Civ. §55.56(a); Cal. Civ. §55.56(b).  Accordingly, Plaintiff will be precluded from recovering damages related to the transaction counter as he did not enter the Pharmacy and did not personally encounter the barrier.  (Compl. ¶ 23, ECF No. 1).