CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Christopher A. Seabock, Esq., SBN 279640
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Chris Langer,** | ) Case No.: 2:18-cv-02267-SJO-FFM |
| Plaintiff, | ) |
| | ) **PLAINTIFF'S MEMORANDUM OF** |
| v. | ) **CONTENTIONS OF FACT AND LAW** |
| **Colorado Professional Building, LLC,** a California Limited Liability Company; **I & G Pharmacy, Inc.,** a California Corporation; and Does 1-10, | ) Final Pretrial Conference: August 5, 2019 |
| | ) Time: 9:00 a.m. |
| | ) |
| | ) Complaint Filed: March 20, 2018 |
| Defendants. | ) Trial Date: August 13, 2019 |
| | ) |
| | ) Honorable Judge S. James Otero |
| | ) |

Pursuant to Local Rule 16-4, plaintiff hereby submits his Memorandum of Contentions of Fact and Law.

# I. PRELIMINARY STATEMENT

Plaintiff is a California resident with physical disabilities. Mr. Langer is a paraplegic who cannot walk and who uses a wheelchair for mobility.

Defendant I & G Pharmacy, Inc. owns the I & G Pharmacy ("Pharmacy"). Defendant Colorado Professional Building, LLC owns the real property where the Pharmacy is located. The Pharmacy is a business establishment and place of public accommodation, located at 815 E. Colorado Street, Glendale, California.

Parking spaces are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Pharmacy.

On February 27, 2018, Mr. Langer was in the area attending a mediation. He needed to shop for a few items, so he went to the Pharmacy. As he pulled into the driveway, he saw a sign on the Pharmacy window indicating that there was parking in the rear. He drove into the parking lot of the Pharmacy and discovered that there were parking spaces provided for customers, including two parking spaces marked and reserved for persons with disabilities. Mr. Langer pulled into the designated accessible parking space on the left. However, he quickly realized that the access aisle was too narrow. He also noticed that part of the shared access aisle was blocked by cement pillars.

Mr. Langer needs a parking space with a wide access aisle to ensure he has enough room to deploy his ramp. Because he could not safely park, he was deterred from visiting the Pharmacy and he left the property. Mr. Langer chose instead to shop at another pharmacy nearby. The lack of van accessible parking space caused Mr. Langer difficulty, discomfort, and frustration.

On March 15, 2018, Evens Louis, an investigator for the plaintiff, conducted an investigation of the Pharmacy. Mr. Louis found that the off-street parking lot serving the Pharmacy offered approximately 29 parking spaces to its customers, two of which were marked and reserved for use by persons with disabilities. Mr. Louis measured the designated accessible parking spaces to be 96 inches wide and the shared access aisle 60 inches wide.

Subsequent to the filing of this lawsuit, Defendants altered the designated accessible parking space in the Pharmacy parking lot

However, on April 30, 2019, Plaintiff's expert Janis Kent conducted a site inspection of the Pharmacy.  As of the date of Ms. Kent's inspection, the Pharmacy continued to fail to provide compliant van accessible parking.  The access aisle of the designated van accessible parking space measured only 7' 9" wide.  The "NO PARKING" lettering in the access aisle of the designated van accessible parking space was not 12" high. And the access aisle of the designated van accessible parking space had slopes measuring 6.4%.

Mr. Langer travel to Los Angeles County often to eat, shop, and attend auctions and other events on a regular and ongoing basis. The Pharmacy is a convenient place for him to shop. Once the violations are removed, he plans to visit the Pharmacy on a regular basis whenever he is in the area.

Removal of these violations are presumed readily achievable under the Americans with Disabilities Act Accessibility Guidelines (ADAAG).

## II. PLAINTIFF'S CLAIMS

Claim 1: Violation of the Americans with Disabilities Act of 1990 ("ADA")

***Elements***

(1) The plaintiff is disabled within the meaning of the ADA [42 U.S.C. § 12102(1)(A)];

(2) The defendants own, lease, or operate a place of public accommodation [42 U.S.C. § 12182(a)]; and

(3) The defendants discriminated against the plaintiff within the meaning of the ADA. The plaintiff will prove discrimination if (a) Defendants' facility had unlawful architectural barriers [42 U.S.C. § 12182(b)(2)(A)(iv)]; and (b) the plaintiff encountered the architectural barrier, precluding his full and equal access to the facility [42 U.S.C. § 12188(a)].

***Key Evidence***

(1)  The testimony of Plaintiff Chris Langer;

(2)  The testimony of Evens Louis;

(3)  The testimony of Corey Taylor;

(4)  The testimony of Janis Kent;

(5)  Plaintiff's Complaint;

(6)  Defendants' Answer;

(7)  Photographs of the I & G Pharmacy, taken by Evens Louis on March 15, 2018 ;

(8)  Photographs of the I & G Pharmacy, taken by Corey Taylor on March 7, 2019;

(9)  Copy of Report by Janis Kent of inspection of the I & G Pharmacy, dated May 1, 2019;

(10)  Plaintiff's Requests For Admission, Set One, propounded on Defendant Colorado Professional Building, LLC on December 3, 2018, and associated Responses;

(11)  Plaintiff's Requests For Production of Documents, Set Two, propounded on Defendant Colorado Professional Building, LLC on January 22, 2019, and associated Verified Responses;

(12)  Plaintiff's  Special Interrogatories, Set Two, propounded on Defendant Colorado Professional Building, LLC on January 22, 2019, and associated Verified Responses;

(13)  Plaintiff's Requests For Admission, Set One, propounded on Defendant I & G Pharmacy, Inc. on December 3, 2018, and associated Responses;

(14)  Plaintiff's Requests For Production of Documents, Set Two, propounded on Defendant I & G Pharmacy, Inc. on January 22, 2019, and associated Verified Responses;

(15)  Plaintiff's Special Interrogatories, Set Two, propounded on Defendant I & G Pharmacy, Inc. on January 22, 2019, and associated Verified Responses

(16)  Copy of photographs of the I & G Pharmacy, provided by Defendants.

<u>Claim 2: Violation of the Unruh Civil Rights Act (Cal. Civ.Code §§ 51-53)</u>

Any violation of the Americans with Disabilities Act is a violation of the Unruh Civil Rights Act. Cal. Civ. Code § 51(f). Thus, the elements and evidence for Claim 2 are identical to that of Claim 1.

<u>Anticipated Evidentiary Issues</u>

None at this time.

<u>Anticipated Issues of Law</u>

None at this time.

## III. BIFURCATION OF ISSUES

Plaintiff does not seek to have any issues bifurcated, and would oppose any bifurcation sought by Defendants.

## IV. JURY TRIAL

A bench trial has been requested. See Dkt. 17.

## V. ATTORNEYS' FEES

Attorneys' fees are recoverable under the ADA. Plaintiff anticipates filing a motion for attorneys' fees.

## VI. ABANDONMENT OF ISSUES

The Court has narrowed the issues by way of its ruling on the cross Motions for Summary Judgment. See Dkt. 33. Accordingly, the case is proceeding on the allegations of inaccessible parking, only.

Dated: July 15, 2019                          CENTER FOR DISABILITY ACCESS


                                              By: /s/ Christopher A. Seabock

                                              CHRISTOPHER A. SEABOCK
                                              Attorneys for Plaintiff